UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BOBBY BYRD                                CIVIL ACTION NO. 18-cv-0748

VERSUS                                    CHIEF JUDGE HICKS

DARREL VANNOY                             MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Bobby Byrd ("Petitioner") filed this habeas corpus petition to challenge his state court conviction and adjudication as a fourth-felony offender, which resulted in a life sentence. His original post-conviction application proceedings in state court ended in March 2018, and he filed this petition soon after in June 2018. The petition asserts claims of insufficient evidence, ineffective assistance of counsel, and knowing use of false evidence by the prosecution.

Two months after Petitioner filed his federal petition, he filed a Motion to Stay and Abey Habeas Petition (Doc. 8). He represents that he has filed a second post-conviction application in state court to assert new claims based on alleged knowing use of false evidence. He asks that this federal petition be stayed until that post-conviction application has been exhausted, so that all claims may be litigated together in federal court. He asserts that he did not simply wait to file his federal petition, and rely on tolling by the second post-conviction application, because of concerns that the second application might be untimely or otherwise not have a tolling effect.

The stay and abeyance requested by Petitioner "should be available only in limited circumstances." Rhines v. Weber, 125 S.Ct. 1528 (2005). Courts should be cautious about granting such stays because they undermine the AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. Id. A "stay and abeyance is appropriate when the district court finds that there was good cause for the failure to exhaust the claim; the claim is not plainly meritless; and there is no indication that the failure was for purposes of delay." Id.

Petitioner has not demonstrated good cause to stay this case. His second application is said to be based on testimony of law enforcement officers at his federal civil rights trial that was held in this court on June 12 through 16, 2017. Petitioner represents that several witnesses offered testimony at the federal trial that is inconsistent with their testimony in his state court criminal trial. Petitioner did not demonstrate diligence with respect to making use of this information. He did not file his second post-conviction application until one year later, on June 13, 2018. It will likely be several months or even a few years until the state court proceedings on that application are completed. This court has deadlines within which it makes every effort to resolve habeas petitions, and it is often subjected to complaints from inmates that their habeas petitions are taking too long to resolve. This petition would have to be carried on the court's docket for potentially years without any progress. Petitioner had it within his ability to shorten the delay associated with his second application, but he waited until the last possible day to file it. Those are not facts that demonstrate good cause or otherwise counsel in favor of the court granting the

extraordinary remedy of a stay and abeyance. Accordingly, the **Motion to Stay and Abey Habeas Petition (Doc. 8)** is **denied**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of December, 2018.

Mark L. Hornsby
U.S. Magistrate Judge